———O———

WILLIAM FLENTGE, Respondent, *vs.* JOHN V. PRIEST, Appellant.

1. *Practice, civil—Pleadings—Necessary allegations—Replevin.*—In an action of replevin for the seal of the court, and a book called a "fee-book," the defendant answered, that he held these articles by virtue of a writ issued by the judge of that court, (W. S., 1136, § 5,) and copied the writ into the answer. *Held,* that the writ and its recitals constituted no defense, but the answer must allege affirmatively, the authority of the judge to issue the writ, that defendant was clerk of the court, and that the plaintiff had been removed · from said office upon conviction of misdemeanor in office.

2. *Statutes, construction of—Records obtained by warrant—Constitutionality.*— The statute, (W. S., 1136, § 5,) authorizing a judge of the Supreme or Circuit Court to issue his warrant to a sheriff, commanding him to seize the books, &c., belonging to an office, detained by the former incumbent thereof, and deliver them to the proper officer, is not unconstitutional. It merely places the property in the custody of the law. It determines no right to the property, and leaves to claimants their legal remedies for the recovery of the same.

*Appeal from Cape Girardeau Court of Common Pleas.*

*Lewis Brown,* for Appellant.

I. Our statute, (2 W. S., Chap. 114,) giving to certain officers power and jurisdiction to order the arrest and seizure of public records, is in its nature a special writ of replevin, and can only issue to retake public property therein specified. The importance of such records to the public, as well as a sound public policy, forbid a resort to the usual and ordinary remedy under a claim and delivery of personal property, as provided for other cases. In so far as this statute particularly specifies against what property the warrant is directed, in what events and how it is to issue, it is an exception to the general statute concerning the process of claim and delivery

of personal property. Where a new right, or the means of acquiring it, is given, and an adequate remedy for violating it is given in the same statute, injured parties are confined to that remedy. (Smith vs. Lockwood, 13 Barb., 209 ; Thurston vs. Prentiss, 1 Mich., 193 ; Bassett vs. Carleton, 32 Me., 553 ; Renwick vs. Morris, 7 Hill, 575.)

And where the tribunal is specified wherein the redress is to be sought, all others are excluded ; so too, of the particular process. (Millar vs. Taylor, 4 Burr., 2303 ; Smith vs. Lockwood, *supra ;* Andover vs. Gould, 6 Mass., 40 ; Franklin Glass Co. vs. White, 14 Mass., 286 ; State vs. Lafayette, 41 Mo., 40.)

II. Our Circuit Courts are courts of general jurisdiction, and the rule among courts of concurrent jurisdiction is, that the jurisdiction, that first attaches, will retain it to the exclusion of all jurisdictions attaching subsequently. (Smith vs. McIver, 9 Wheat., 532 ; Pulliam vs. Osborne 17 How., (S. C.,) 471.)

The court below is a court of local and limited jurisdiction. (Sess. Acts 1853, p. 81 ; Schell vs. Leland, 45 Mo., 289.) Hence Chapter 114 excludes the court below in this case, as well as its process.

III. The Circuit Court itself has no jurisdiction, by a resort to the process of claim and delivery of personal property, to arrest or seize records, or even to litigate the right of their possession. Replevin does not lie where the original caption was lawful. (Gardner vs. Campbell, 15 Johns, 401 ; Marshall vs. Davis, 1 Wend., 109.)

IV. A court must have jurisdiction of the entire matter, or it has none at all ; a judgment is an entirety, good as to all, or bad as to all. Nor can a cause of action be split into three several causes between the same parties, and one part in the Circuit Court, and two other parts in an inferior court, as is the case here. (Dickerson vs. Chrisman, 28 Mo., 134 ; Smith vs. Rollins, 25 Mo., 408 ; Pomeroy vs. Betts, 31 Mo., 419 ; Covenant Ins. Co. vs. Clover, 36 Mo., 392.)

V. The articles mentioned and intended by the warrant of

the circuit judge are to be considered as being *in custod liae-gis ;* from this custody [they cannot be retaken except by a process issuing from a superior officer or court, certainly not from an inferior court.

VI. The right of the possession of the county seal and fee-book belongs to the county clerk, and plaintiff to succeed must prove that he is such clerk, which can only be determined by an action of *quo warranto.* We refer to the *quo warranto* cases decided by this court, and to State vs. Lafayette, 41 Mo., 545; State vs. Howard, 41 Mo., 247.

*Louis Houck,* for Respondent.

I. It was not sufficient to state merely the alleged warrant and return in the answer. The pleader should have stated such facts as would have authorized its issue. Where a defendant justifies a seizure under a *fieri facias,* it is necessary to set out, that it was duly issued upon a judgment duly rendered by a court having jurisdiction of the person and subject matter, and that the writ was in full force. (29 Ill., 525; Wise vs. Withers, 3 Cranch., 331; Smith vs. Shaw, 12 Johns., 257; Suydam vs. Keys, 13 Johns., 444; Cable vs. Cooper, 15 Johns., 157.) And it is also clear, that replevin as well as trespass lies in such case. (Pangburn vs. Patridge, 7 Johns., 140.) And that the parties concerned in the issue and levy of the warrant are all trespassers. (Wise vs. Withers, 3 Cranch., 331; Moravia vs. Sloper, Willes, 30; Morse vs. James, Willes, 122.)

II. Every plea must be so pleaded as to be capable of trial, and, therefore, must consist of matters of fact, the existence of which may be tried by a jury as an issue, or its sufficiency as a matter of defense determined by the court on a demurrer. (Mills vs. Martin, 19 Johns., 34, citing Cowp. 682; Com. Dig. " Pleader," 617; Co. Lit., 303; 2 Bos. and Pul., 267; 16 Johns., 163; 1 Saund., 23, n. 5; Armstrong vs. McMillon, 9 Mo., 721.)

III. The statute upon which the warrant set out in the plea was issued, (2 W. S., 1136,) is unconstitutional.

The constitution provides, " the judicial power  *  *  * shall be vested in a Supreme Court, in Circuit Courts, and in such inferior courts, as the General Assembly may from time to time establish." This statute does not vest in a court, but in individuals, arbitrary power : it provides an *ex parte* proceeding ; it provides, that the warrant to seize the records, books and papers, shall be issued upon the affidavit of any person ; it does not provide for a citation of the opposite party ; it provides for no trial, for no judgment, and for no appeal to a superior court ; it does not provide before what judge the application for this warrant shall be made, but says, that the claimant may go before any "judge, of the Supreme, or Circuit, Court."

The Judge of the Nodaway Circuit Court may issue his warrant to seize the records, books and papers of a *de facto* officer of Cape Girardeau county.'

It may be argued, that if any one feels aggrieved, that the 8th section provides, that any one aggrieved can apply to any judge of the Supreme or Circuit Court, who upon affidavit of the applicant, that injustice may be done, or is about to be done, by such warrant, shall issue a citation to all persons interested, &c.

But if any such application should be made to any judge of this court, doubtless the answer would be, that the Supreme Court has appellate jurisdiction only, and that it could only issue certain original remedial writs, specified in the constitution or known to common law.

Nor could any one of the judges of this court be required to issue a citation to try the right to the possession of the records, books and papers, claimed by different parties, any more than they could be required to examine the questions of law and fact growing out of a disputed demand of the public printer. (Foster vs. State, 41 Mo., 61.)

If in the case of Foster the act was held void and unconstitutional, because it imposed a duty on the court expressly prohibited by the constitution, certainly an act, requiring the judges of the Supreme Court to hear and try the claim and

to render a verdict, would be equally void. Yet by reference to the eighth and ninth sections of this act, (2 W. S., 1136,) it will be seen, that such a course of proceeding is contemplated by the act. This court has held, that the statute conferring on the Supreme Court jurisdiction to try a contest for an office is unconstitutional. (Vail vs. Dinning, 44 Mo., 210.) The statute under consideration is a similar statute, with a similar object. If Flentge was the *de facto* officer and Priest was entitled to the office, the remedy of Priest was by *quo warranto*, and not by an *ex parte* application to the judge. This court has also held, that the statute, conferring upon it jurisdiction to try clerks for misdemeanors in office, is unconstitutional. (State vs. Flentge, 49 Mo., 488.)

It would seem to be clear that the statute so far as it relates to the judges of this court is void and unconstitutional. If this portion of the act be constitutional, the property, to which a party may be entitled, can be taken away without giving him any redress in a superior court. A party may be deprived of his property without a trial, without notice, without a hearing, and without a chance for an appeal to a court not swayed by prejudice. Such a statute would seem to violate every principle of justice, right and law.

IV. The act is also void as to the circuit judges. The constitution provides, that the judicial power shall vest in the Supreme, Circuit and such inferior tribunals, as may be established from time to time by law. The constitution contemplates, that the judicial power shall vest in courts. Not only that, but our bill of rights provides, that the right of trial by jury shall remain inviolate. This statute attempts to vest in "any judge of the Supreme or Circuit Court" the power to issue a warrant to seize the property in the possession of a citizen and give it to some one else. This is the exercise of a judicial power. If this be so, the statute is unconstitutional, because the judicial power must be vested in a court, not in the individual who for the time being, may be the judge of the Circuit Court. Again, if the property be in possession of any citizen, he cannot be deprived of it, without the judg-

ment of a court; nor without a "trial by jury," because the trial by jury in this State "shall remain inviolate."

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of replevin for the seal of Cape Girardeau County Court, a book called a "fee-book," a Webster's Dictionary, a German-English Dictionary, and a lot of revenue stamps of the value of thirty dollars.

The defendant by answer denied all the allegations of the petition, and then for further answer alleged, that the court had no jurisdiction, because the county seal and "fee-book" referred to had been delivered to the defendant under and by virtue of a writ, or warrant, issued by the judge of the Cape Girardeau Circuit Court, and that he held them under such delivery, and in no other manner. This writ is copied into the answer and recites, that the plaintiff was former clerk of the County Court of Cape Girardeau county, but had been removed from office by virtue of a judgment and conviction for misdemeanor in office, rendered against him in the Circuit Court at its May term, 1872.

The writ further recites; that the defendant had been appointed and commissioned by the Governor of Missouri, on the 5th day of December, 1872, as clerk of said County Court; that he had accepted the office, and given bond to perform the duties; and it is also recited, that the plaintiff had failed and refused to deliver to the defendant the records, books, papers, archives and appurtenances of the office. The writ then commanded the sheriff, to whom it was directed, to seize the books, records, &c., aforesaid, and deliver the same to the defendant.

This portion of the answer setting up this writ as a justification, or rather as a plea to the jurisdiction of the court, was stricken out on motion of the plaintiff, and the only question raised by the record is, whether this ruling of the court was right.

The answer contains no affirmative allegations, that the defendant was the clerk of the County Court, nor does it con-

tain any affirmative allegation, that the plaintiff had been removed from office by the judgment of the Circuit Court, on being convicted of a misdemeanor in office. Without such affirmative allegations, that portion of the answer presented no defense. The writ itself and the recitals formed no defense whatever to this action.

If the officer, who served the writ, had been sued in trespass, the writ might have been a justification for him; but the defendant cannot rely upon the writ alone. He must allege and prove affirmatively, independent of the recitals, the authority of the judge to issue the writ. If this had been done, I think the defense would have constituted not a plea to the jurisdiction of the court, but a bar to the plaintiff's action as to the seal and "fee-book."

The law authorizes the Circuit Court judge to issue such a writ on affidavit. (2 W. S., 1136, § 5.)

The act of issuing the writ is simply ministerial and not judicial. It is a summary mode provided to return, the records &c., belonging to an officer, to their proper custody.

The issuing of the writ, and its service, determines no right to the property or to its custody. It leaves the parties to all of their remedies in the premises, as they existed before the issue of the writ. It is urged by the learned counsel for the respondent, that the statute, authorizing this summary proceeding, is unconstitutional and void, because it is not due process within the meaning of the bill of rights. It does not deprive the party of his property, but places it in the custody of the law, where it is presumed to belong, until the contrary appears. It is the nature of a writ of replevin giving the custody of the property to the officer, without requiring him to execute a bond for its return, and leaves the claimant to his action for its recovery, or such other remedy as the law gives him. But under the view I take, the defense was not properly pleaded.

Judgment affirmed. The other Judges concur.