WILLIAM FLENTGE, Appellant, *vs.* JOHN V. PRIEST, Respondent.

1. *Replevin—Motion to dismiss.*—Where property was seized under a writ of replevin issued from the Cape Girardeau Court of Common Pleas, and the Judge of the Circuit Court for that county had issued his warrant in vacation, directing the property to be delivered to the defendant, and the property was so delivered in pursuance of such order: *Held,* that a motion to dismiss the action of replevin, on the ground of such warrant and delivery, and because the process issued by the Circuit Judge ousted the jurisdiction of the Court of Common Pleas, was improperly sustained. If there was any valid defense it should have been taken by answer but could not be reached by a motion to dismiss.

*Appeal from Cape Girardeau Court of Common Pleas.*

*Louis Houck,* for Appellant.

*Lewis Brown,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff brought his action in the nature of replevin, in the Cape Girardeau Court of Common Pleas, to recover possession of the books, records, etc., belonging to the office of the clerk of the County Court of Cape Girardeau county. A bond was filed with the petition, a writ was issued, and the property was seized and delivered to the plaintiff. At the return term the defendant appeared and moved the court to order the return of the property, and to dismiss the suit; because the judge of the Circuit Court within and for the county, had issued his warrant in vacation ordering the property to be delivered to the defendant, and that in pursuance of the warrant the same was delivered to the defendant; that the seizure made by the sheriff under the process issued by the Circuit Judge ousted the jurisdiction of the Court of Common Pleas, and therefore the court could not make or enforce any order in the premises. The court sustained the motion, and dismissed the case.

It is clear enough that the court erred in dismissing the case. If there was any valid defense, it should have been taken by answer, but it could not be reached by motion. The

plaintiff showed a good case upon the face of his petition, and was turned out of court upon extraneous matters, without the privilege of being heard.

The warrant of the judge, to have been available, should have been set up in the answer, accompanied with the necessary averments. (Flentge vs. Priest, 53 Mo., 540).

The judgment must be reversed and the cause remanded; the other judges concur.